COPY

NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
ROBERT F. CONTE (Cal. Bar No. 157582)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6607
    Facsimile: (213) 894-0115
    E-mail: Robert.Conte@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

              2020 JAN 29 PM 3:02 FILED

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE GRAND JURY INVESTIGATION OF JNS | MISC NO. 20CM00015<br><br>APPLICATION FOR SUSPENSION OF THE RUNNING OF THE STATUTE OF LIMITATIONS<br><br>**EX PARTE AND UNDER SEAL**<br><br>**LODGED UNDER SEAL UNDER AUTHORITY OF FED. R. CRIM. P. 6(e)** |

I. INTRODUCTION

The United States of America, by and through its undersigned counsel, applies to this court pursuant to Title 18, United States Code, Section 3292, to suspend the running of the statute of limitations for offenses arising out of the grand jury's investigation of JNS.[1] In support of this application, the

---

[1] Title 18, United States Code, Section 3292(a)(1) provides in summary that upon application of the United States indicating that evidence is in a foreign country, the district court shall suspend the running of the statute of limitations for the related offense(s)

1

government respectfully represents the following.

## II. CRIMES UNDER INVESTIGATION AND FOREIGN EVIDENCE

A grand jury impaneled in the Central District of California is investigating JNS for possible violations of federal law including conspiracy to defraud the United States in violation of 18 U.S.C. Section 371; mail fraud, in violation of 18 U.S.C. Section 1341; wire fraud, in violation of 18 U.S.C. Section 1343; money laundering, in violation of 18 U.S.C. Section 1956; tax evasion, in violation of 26 U.S.C. Section 7201; willful failure to file a return, in violation of 26 U.S.C. Section 7203; willfully making and subscribing a false return, in violation of 26 U.S.C. Section 7206(1); corruptly endeavoring to obstruct or impede the due administration of the Internal Revenue Code, in violation of 26 U.S.C. Section 7212(a); and willful failure to file a report, or willful filing of a false report, of foreign bank account, in violation of 31 U.S.C. Sections 5314, 5322.

No indictment has been returned.

These possible violations of federal law arise out of JNS' potentially criminal conduct summarized as follows. <u>See</u> Watson Declaration.

1. JNS is a United States citizen with significant foreign assets and holdings. Starting at least in the early 2000's, JNS has conducted his foreign financial affairs through a complex web of foreign trusts and foreign entities, including trusts domiciled in Jersey, a British Crown Dependency, and entities domiciled in the

---

if the court finds that an official request has been made for the evidence and it reasonably appears that the evidence is in such foreign country.

British Virgin Islands (BVI). Through these trusts and entities, JNS has maintained Swiss bank accounts through which JNS' income and assets have been deposited and flowed through.

2. In order to conceal his foreign income and assets, JNS conducted his financial activities through a Swiss management firm, Strachans. Strachans, and its principals, helped JNS conceal his income and assets from foreign and United States taxing authorities.

3. Also participating in this scheme was JNS' accountant, Australian citizen and resident Anthony Stewart. Stewart served as an intermediary and facilitator of JNS' transactions, and was often Strachans' primary point of contact for JNS. Stewart served this role through his Australian business, Silverstream Management Pty Ltd, which may have operated as Silverstream Associates.

4. The primary source of JNS' unreported personal income appears to be proceeds from the sale of stock on the Neuer Markt of the Frankfurt Stock Exchange. In May 2000, JNS and his business partner, Guy East, offered their company, IM International Media AG, for sale through an initial public offering on the Frankfurt Stock Exchange. Approximately $55 million in proceeds from the sale were received by a company nominally owned by Strachans personnel on behalf of JNS, East, and Stewart.

5. Around the same time as the sale, Strachans established trust structures for JNS, East, and Stewart. Strachans also established BVI entities owned by the trusts and Swiss bank accounts for the entities. Strachans personnel would then transfer the initial public offering proceeds to the bank account of an entity controlled by Strachans, and then to the bank accounts associated with JNS',

1  Easts', and Stewart's trust structures.

2      6. During the years under investigation, JNS did not report to
3  the Internal Revenue Service (IRS) all his foreign income and assets.
4  He also did not disclose his foreign trusts and bank accounts, as
5  required by law. For example, JNS did not disclose his control over
6  his Swiss bank accounts at Corner Banca SA and UBS AG. Further, he
7  did not report to the IRS the income generated by those accounts.

8      7. In 2015, JNS submitted a false statement to the IRS claiming
9  that he did not have control over funds held in Switzerland and that
10 those funds were under the exclusive control of Strachans. JNS
11 further falsely stated he did not believe the funds were reportable
12 to the IRS because they had not been distributed to him. In fact,
13 Strachans distributed JNS's undeclared funds to him in a variety of
14 ways starting at least in the early 2000s through at least mid-2007.

15     8. During the years under investigation, JNS and the principals
16 of Strachans, engaged in a scheme to conceal from the IRS JNS'
17 foreign assets and bank accounts by, among other things, operating
18 through a series of foreign sham trusts and entities.

19     9. Evidence of the JNS and Strachans scheme, including business
20 records related to the initial public offering of JNS' company, IM
21 International Media AG, is believed to be located in the country of
22 Germany.

23     10. The United States, through the Department of Treasury, has
24 made an official request for this foreign evidence.

25     11. The United States previously filed an Application for
26 Suspension of the Running of the Statute of Limitations on about July
27 31 2018, which was granted by this Court on August 1, 2018 (misc. no.

28

18 CM 01373, CDCA).

### III. FOREIGN EVIDENCE REQUEST

On September 6, 2019, the United States made a formal request for foreign evidence to the Central Authority of the Federal Republic of Germany. A copy of the cover letter transmitting the request is attached as Exhibit A. The request seeks foreign evidence relevant to the JNS investigation from German authorities pursuant to an agreement and Convention between the United States and Federal Republic of Germany. See Exhibit A. The request seeks, among other things, the following evidence believed to be in Germany. See Watson Declaration.

1. Evidence related to the initial public offering of JNS' company, IM International Media AG, on the Frankfurt Stock Exchange in Frankfurt, Germany.

The German authorities have not taken final action on the United States' request for foreign evidence in this case and the final production of the requested information has not been delivered to United States authorities.

The government accordingly seeks an order suspending the statute of limitations, in accordance with the time limits set forth in 18 U.S.C. Section 3292(c), as to JNS, and others, for the above-described offenses.

WHEREFORE, based on the above, and the accompanying declaration of Special Agent Watson, the Court should grant the government's application for a suspension of the statute of limitations in accordance with the time limits set forth in 18 U.S.C. Sections 3292 (b) and (c).

Dated: 1/29/20

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

/s/ Robert F. Conte
ROBERT F. CONTE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA



**U.S. Department of Justice**

Criminal Division

VAA:WHG:TNB:CMG:adt

---

*Office of International Affairs*  Washington, D.C. 20530

September 6, 2019

Via E-Mail
Dr. Holger Karitzky
Bundesamt für Justiz
Leiter des Referates Auslieferung, Vollstreckungs- und Rechtshilfe
Europäisches Justizielles Netz in Strafsachen
Adenauerallee 99-103
53113 Bonn
Federal Republic of Germany

Re:  Request for Assistance in the Investigation of Strachans/Elston and John Nigel Barton Sinclair; OIA Reference Number: CRM-182-59999 (please use when responding)

Dear Dr. Karitzky:

Enclosed please find a supplemental request for assistance concerning the above-referenced matter.

The United States Department of Justice, Tax Division and the United States Attorney's Office for the Central District of California, along with the Internal Revenue Service are investigating Strachans SA, which now does business as Elston Management SA (together, Strachans/Elston), and some of its current and former clients for their involvement in tax fraud schemes involving potential violations of U.S. laws related to conspiracy, fraud, and other tax-related offenses. In furtherance of the investigation, U.S. authorities seek records from the Frankfurt Stock Exchange from around May of 2000 to confirm the sale of IM International Media AG's initial public offering and to document the amounts received by John Nigel Barten Sinclair, his partner Aubrey Guy Reginald East, and their accountant Anthony Stewart, with the assistance of Strachans/Elston.

Please do not hesitate to contact me at +1 (202) 616-5630 or at *Christen.Gallagher@usdoj.gov*, or International Affairs Specialist Alexander Tessler at +1 (202) 514-1976 or at *Alexander.Tessler@usdoj.gov* if you have any questions.

Sincerely,

Vaughn A. Ary
Director

By: *[signature]*

Christen Gallagher
Trial Attorney

Enclosure: MLAT request

